**In The United States District Court
For The Southern District Of New York**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br>            Plaintiff,<br>vs.<br>STEPHEN WALSH, PAUL GREENWOOD, WESTRIDGE CAPITAL MANAGEMENT, INC., WG TRADING INVESTORS, LP, WGIA, LLC,<br>            Defendants,<br>WESTRIDGE CAPITAL MANAGEMENT ENHANCEMENT FUNDS INC., WG TRADING COMPANY LP, WGI LLC, K&L INVESTMENTS, AND JANET WALSH,<br>            Relief Defendants. | Civil Action No: 09-CV-1749 (GBD)<br><br>[Proposed] Order of Preliminary Injunction Against Relief Defendants<br><br>ECF Case |



## PRELIMINARY INJUNCTION AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF AGAINST RELIEF DEFENDANTS

On the Application of Plaintiff U.S. Commodity Futures Trading Commission

("Commission") for an Order:

(1)    directing Defendants Stephen Walsh, Paul Greenwood, Westridge Capital Management,

Inc., WG Trading Investors, LP, and WGIA, LLC (collectively "Defendants") and Relief

Defendants WG Trading Company LP, Westridge Capital Management Enhancement Funds,

Inc., WGI LLC, K&L Investments, and Janet Walsh (collectively "Relief Defendants") to show

cause why an order should not be entered, pending a final disposition of this action:

    a.    preliminarily enjoining the Defendants from cheating or defrauding or attempting

          to cheat or defraud other persons, or willfully deceiving or attempting to deceive

by any means whatsoever other persons in or in connection with orders to make, or the making of, contracts of sale of commodities, for future delivery, made, or to be made, for or on behalf of such other persons where such contracts for future delivery were or may have been used for (a) hedging any transaction in interstate commerce in such commodity, or the produce or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped or received in interstate commerce for the fulfillment thereof in violation of Sections 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii) (2006);

b.  preliminarily enjoining the Defendants from in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person –
(A) cheating or defrauding or attempting to cheat or defraud the other person; or
(C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for the other person in violation of Sections 4b(a)(1)(A) and (C) of the Act as amended by the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651 codified at 7 U.S.C. §§ 6b (a)(1)(A) and (C); or

c.  preliminarily enjoining the Defendants from engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act,

7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

(1) Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006);

(2) Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

(3) Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract; Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2008);

(4) Entering into any commodity interest transactions for his or its own personal accounts, for any account in which he or it has a direct or indirect interest and/or having any commodity interests traded on his or its behalf; and

> > (5) Engaging in any business activities related to commodity interest trading.

> d. freezing the Defendants' assets and certain assets of the Relief Defendants as specified herein;

> e. directing each of the Defendants and Relief Defendants to provide verified accountings immediately;

> f. appointing receivers for Defendants WGTI, WGTC and Westridge;

> g. prohibiting the destruction or alteration of documents; and

> h. preliminarily enjoining the Defendants, and their agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding on behalf of the defendants without at least 3 days notice to the Plaintiff and approval of this Court.

On February 25, 2009, the Court granted the Commission's Application and issued an Order to Show Cause, which, among other things, granted the Commission's request for relief and set a preliminary hearing for March 3, 2009.

The Court has heard evidence on the Commission's Application. The Court has considered (1) the Complaint filed by the Commission on February 25, 2009; (2) the Declaration of Patricia Gomersall of the Commission, executed on February 25, 2009 and the exhibits annexed thereto; (3) the Declaration of Jennifer Sunu of the National Futures Association and the exhibits annexed thereto; (4) the memorandum of law in support of the Commission's application; and (5) the Declaration of Kyong J. Koh of the Commission and the exhibits annexed thereto.

Upon consideration of the record of this matter, the Court finds that a proper showing, as required by Section 6c of the Commodity Exchange Act, as amended (the Act), 7 U.S.C. § 13a-1 (2006), has been made for the relief granted herein, for the following reasons:

1. It appears that an order freezing the Defendants' assets and certain assets of the Relief Defendants, as specified herein, is necessary to preserve the *status quo*, and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

2. It appears that an order requiring each of the Relief Defendants to provide a verified accounting of all assets, money and property held directly or indirectly by each of the Relief Defendants, or by others for each of their direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Relief Defendants' assets.

3. It appears that the Relief Defendants may attempt to destroy, alter or conceal documents.

4. It appears that the appointment of a receiver for WGTI, WGTC and Westridge is necessary to: (i) preserve the status quo; (ii) ascertain the extent of commingling of funds among WGTI, WGTC and Westridge; (iii) ascertain the true financial condition of WGTI, WGTC and Westridge and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of WGTI, WGTC and Westridge; (v) prevent the encumbrance or disposal of property or assets of WGTI, WGTC and Westridge and the investors; (vi) preserve the books, records and documents of WGTI, WGTC and Westridge; (vii) be available to respond to investor inquiries;

(viii) protect the assets of WGTI, WGTC and Westridge; and (ix) determine whether WGTI, WGTC and Westridge should undertake bankruptcy filings.

5. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

6. The Commission requires expedited discovery to determine, among other things, whether the Defendants and the Relief Defendants are engaged in other ongoing frauds and obtain bank and other records to supplement its motion for preliminary injunctions.

7. This Court has jurisdiction over the subject matter of this action and over the Defendants and Relief Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, the Relief Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of the following account held by, or under the control of the Relief Defendants, whether held in her name or for her direct or indirect beneficial interest:

(1) For Relief Defendants WG Trading Company LP, Westridge Capital Management Enhancement Funds, Inc., WGI LLC, and K&L Investments the Court's February 25, 2009 Statutory Restraining Order ("SRO") shall continue in full force and

effect against these Relief Defendants until further order of the Court. These Relief Defendants shall comply fully with all requirements of the SRO.

(2) For Relief Defendant Janet Walsh Schaberg the Court's February 25, 2009 Statutory Restraining Order ("SRO") shall continue in full force and effect against her until further order of the Court for the following accounts:

- A. Citi/Smith Barney, Brokerage account number ending in 392, held in the name of Janet B. Schaberg Revocable Trust.
- B. Bank of America, Money Market/Checking account number ending in 2509, held in the name of Janet B. Schaberg Revocable Trust.
- C. Bank of America, Brokerage account number ending in 604, held in the name of Janet B. Schaberg Revocable Trust.
- D. Morgan Stanley, Brokerage account number ending in AI2, held in the name of Janet B. Schaberg Revocable Trust.
- E. Orion account number N/A, held in the name of Janet B. Schaberg Revocable Trust.
- F. River Source Annuity, Retirement Account, held in the name of Janet B. Schaberg Revocable Trust.

(2) Relief Defendant Janet Walsh Schaberg may not transfer, dispose of, or encumber any real property, jewelry, or art she owns or has an ownership interest in, without prior notice to plaintiffs and the Receiver, and prior approval of the Court.

(3) Any provisions mandating receivership of Relief Defendant Janet Walsh Schaberg's assets is removed.

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Relief Defendants file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting signed by each of the Relief Defendants under penalty of perjury, of:

(1) All assets, liabilities and property currently held directly or indirectly by or for the benefit of such Relief Defendant, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets, and income received by such Relief Defendant, or for their direct or indirect benefit, in or at any time from March 1, 1996 to the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) All assets, funds, securities, real or personal property of customers of such Defendant transferred to or for the benefit of such Relief Defendant in or at any time from March 1, 1996 to the date of the accounting, and the disposition by such Relief Defendant of such assets, funds, securities, real or personal property;

(4) All money, property, assets and other income transferred from such Relief Defendant, including transfers to any bank account, brokerage account or other account, or to any individual, or entity, in or at any time from March 1, 1996, to the date of the accounting; and

(5) The names and last known addresses of all bailees, debtors, and other persons and entities which are currently holding the assets, funds or property of such Relief Defendant.

### III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Relief Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of employees, agents, and designated representatives of the Commission and the Receiver to any and all documents, books, and records that are in the possession, custody or control of the Relief Defendants, their officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Relief Defendants' finances or business operations, or the offer, purchase, or sale of WGTI, , WGTC and/or Westridge securities and the use of proceeds therefrom; and ordered to provide all reasonable cooperation to the Receiver in carrying out its duties as set forth herein.

### IV.

**IT IS FURTHER ORDERED** that Robb Evans & Associates LLC, pending further order of this Court, be and hereby is appointed to act as receiver for WGTI, WGTC and Westridge, to (1) preserve the *status quo*; (2) ascertain the extent of commingling of funds among WGTI, WGTC and Westridge; (3) ascertain the true financial condition of WGTI, WGTC and Westridge and the disposition of investor funds; (4) prevent further dissipation of the

property and assets of WGTI, WGTC and Westridge; (5) prevent the encumbrance or disposal of property or assets of WGTI, WGTC and Westridge and the investors; (6) preserve the books, records and documents of WGTI, WGTC and Westridge; (7) be available to respond to investor inquiries; (8) protect the assets of WGTI, WGTC and Westridge from further dissipation; and (9) determine if WGTI, WGTC and Westridge should undertake a bankruptcy filing. To effectuate the foregoing, the receiver is hereby empowered to:

(a) Take and retain immediate possession and control of all of the assets and property of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in, and all books, records and documents of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in, and the rights and powers of it with respect thereto;

(b) Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in;

(c) Succeed to all rights to manage all properties owned or controlled, directly or indirectly, by WGTI, WGTC and Westridge;

(d) Pay from available funds necessary business expenses required to preserve the assets and property of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in, including the books, records, and documents of the WGTI, WGTC and Westridge, notwithstanding the asset freeze imposed by order of this Court;

(e) Take steps to locate assets that may have been conveyed to third parties or otherwise concealed;

(f) Take steps to ascertain the disposition and use of funds obtained by Greenwood and Walsh resulting from the sale of securities issued by WGTI;

(g) Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder;

(h) Take all necessary steps to gain control of WGTI's, WGTC's and Westridge's interests in assets in foreign jurisdictions, and those funds maintained in accounts at foreign institutions, which may be proceeds of WGTI's, WGTC's and Westridge's fraud, including but not limited to taking steps necessary to repatriate foreign assets.

(i) Report to the Court and the parties within 45 days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant, the following information:

1. All assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of WGTI, WGTC and Westridge and all entities they control or have an ownership interest in, including, but not limited to, real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value;

2. A list of secured creditors and other financial institutions with an interest in the receivership assets;

3. To the extent practicable, a list of investors in WGTI, WGTC and Westridge and all entities they control or have an ownership interest;

4. The Receiver's preliminary plan for the administration of the assets of the receivership, including a recommendation regarding whether bankruptcy cases should be filed for all of a portion of the assets subject to the receivership and a recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership.

(k) Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the Receiver.

V.

**IT IS FURTHER ORDERED** that the Defendants shall pay the reasonable costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described herein, including, but not limited to, the reasonable costs, fees and expenses of all persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations. All applications for costs, fees and expenses of the receiver and those employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees and expenses and shall conform to the Fee Guidelines that will be supplied by the U.S. Commodity Futures Trading Commission.

## VI.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), and without the requirement of a meeting pursuant to F.R.C.P. 26(f), the Commission and the Receiver may:

(1) Take depositions, subject to three (3) days' notice by facsimile or otherwise;

(2) Obtain the production of documents, within three (3) days from service by facsimile or otherwise of a request or subpoena, from the Relief Defendants, or any other persons or entities, including non-party witnesses;

(3) Obtain other discovery from the Relief Defendants, including further interrogatories and requests for admissions, within three (3) days from the date of service by facsimile or otherwise of such other discovery requests, interrogatories, or requests for admissions;

(4) Service of any discovery requests, notices, or subpoenas may be made by email, personal service, facsimile, overnight courier, or first-class mail; and

(5) The Receiver may take discovery in this action without further order of the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

## VII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Relief Defendants, and each of their officers, agents, servants, employees and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, email or otherwise.

**SO ORDERED on this \_\_\_\_\_ day of August, 2009.**

*George B. Daniels*  AUG 2 0 2009
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE
HON. GEORGE B. DANIELS

14