# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 15, 2010

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
Hafetz Necheles & Rocco
500 Fifth Avenue
29th Floor
New York, NY 10110

Re:    **United States v. Paul Greenwood, 09 Cr. 722 (MGC)**

Dear Counsel:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Paul Greenwood ("Greenwood" or the "Defendant") to the six-count Indictment ("Indictment").

Count One of the Indictment charges Greenwood with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371, by, among other things, together with his co-conspirators, making or causing to be made false representations to investors regarding their investments, omitting to disclose material facts to investors regarding their use and misappropriation of investor funds, and diverting investor funds to pay for personal expenses, from at least in or about 1996 through in or about February 2009. This charge carries a maximum sentence of five years' imprisonment, a maximum term of three years' supervised release, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the Defendant as a result of the offense, and a mandatory $100 special assessment.

Count Two of the Indictment charges Greenwood with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2, in connection with a scheme to defraud investors by making or causing to be made false representations to investors regarding their investments, omitting to disclose material facts to investors regarding their use and misappropriation of investor funds, and diverting investor funds to pay for personal expenses, from at least in or about 1996 through in or about February 2009. This charge carries a maximum sentence of twenty years' imprisonment, a maximum term of three years' supervised release, a maximum fine of $5 million, and a mandatory $100 special assessment.

2010.05

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
July 15, 2010
Page 2

        Count Three of the Indictment charges Greenwood with commodities fraud, in violation of
Title 7, United States Code, Sections 6o(1) and 13(a)(2) and (5), and Title 18, United States Code,
Section 2, by, among other things, while acting as a commodity pool operator, engaging in
transactions, practices, and courses of business which operated as a fraud and deceit upon clients and
participants of a commodities pool operated by Greenwood, from at least in or about 1996 through
in or about February 2009.  This charge carries a maximum sentence of 10 years' imprisonment, a
maximum term of three years' supervised release, a maximum fine of the greatest of $1,000,000,
twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person
other than the Defendant as a result of the offense, and a mandatory $100 special assessment.

        Counts Four and Five of the Indictment each charge Greenwood with wire fraud, in violation
of Title 18, United States Code, Sections 1343 and 2.  Counts Four and Five each carries a maximum
sentence of twenty years' imprisonment, a maximum term of three years' supervised release, a
maximum fine pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000,
twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person
other than the Defendant as a result of the offense, and a mandatory $100 special assessment.

        Count Six of the Indictment charges Greenwood with money laundering, in violation of Title
18, United States Code, Sections 1957 and 2, from in or about 1996 through in or about February
2009, by, among than things, engaging in a monetary transaction in criminally derived property that
was of a value greater than $10,000 and was derived from specified unlawful activity.  This charge
carries a maximum sentence of ten years' imprisonment, a maximum term of three years' supervised
release, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of
$250,000, twice the gross pecuniary gain derived from the offense, twice the gross pecuniary loss
to a person other than the Defendant as a result of the offense, or twice the amount of criminally
derived property involved in the transaction, and a mandatory $100 special assessment.

        The total maximum sentence of incarceration on all six counts is 85 years' imprisonment.

        It is further understood that prior to the date of sentencing, Greenwood shall meet with and
truthfully disclose to the Internal Revenue Service ("IRS") all relevant information concerning his
income for the years 1992 through 2008, and shall pay, or enter into an agreement to pay, past taxes
due and owing by him to the IRS, including applicable interest and penalties, on such terms and
conditions as will be agreed upon between Greenwood and the IRS.  In addition, the Defendant
stipulates to the applicability of civil fraud penalties.

2010.05

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
July 15, 2010
Page 3

It is further understood that Greenwood shall make restitution in an amount to be specified by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664. This amount shall be paid according to a plan established by the Court.

Greenwood furthermore admits the forfeiture allegations with respect to Counts One, Two, and Four through Six of the Indictment and agrees to forfeit to the United States (1) pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, a sum of money equal to at least $331 million in United States currency, representing (a) the amount of proceeds that Greenwood and his co-conspirator Stephen Walsh obtained as a result of the securities and wire fraud offenses charged in Counts One, Two, Four and Five of the Indictment ($133 million); and (b) the amount of funds improperly used by Greenwood and his co-conspirator Stephen Walsh to make an investment in Signal Apparel Company, Inc., which was not disclosed to or authorized by investors, which were also obtained as a result of the securities and wire fraud offenses charged in Counts One, Two, Four and Five of the Indictment ($198 million); and (2) pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense charged in Count Six of the Indictment and all property traceable to such property.  In addition, Greenwood hereby agrees to the entry of an order of forfeiture imposing a money judgment against him in the amount of at least $83.5 million (the "Money Judgment"), representing the amount of proceeds that he personally obtained as a result of the securities and wire fraud offenses charged in Counts One, Two, Four and Five of the Indictment. The Government hereby agrees that the value of any assets or funds disgorged by Greenwood in connection with the civil proceedings brought by the U.S. Securities and Exchange Commission and the U.S. Commodity Futures Trading Commission against him shall be credited towards the Money Judgment.

It is understood that Greenwood (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and, (g) shall commit no further crimes whatsoever. Moreover, any assistance Greenwood may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

2010.05

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
July 15, 2010
Page 4

It is understood that this Office cannot, and does not, agree not to prosecute Greenwood for criminal tax violations. However, if Greenwood fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any than information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution. Moreover, if Greenwood fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to: (i) his participation in the securities, commodities, and wire fraud scheme charged in Counts One, Two, Three, Four, and Five of the Indictment and the money laundering offense charged in Count Six of the Indictment, in connection with his control of WG Trading Company LP and WG Trading Investors LP, and other related entities, from in or about 1996 to in or about February 2009; (ii) his participation in a scheme to commit securities, commodities, and wire fraud by, among other things, making or causing to be made false representations to investors regarding their investments, omitting to disclose material facts to investors regarding the use and misappropriation of investor funds, and diverting investor funds to pay for personal expenses and unauthorized investments, from at least in or about 1992 through in or about 1996, to the extent that he has disclosed such participation to this Office as of the date of this Agreement. This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is understood that all of the conduct set forth in subsection (ii) of the preceding paragraph constitutes either relevant conduct, pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 1B1.3, or other conduct of the defendant, pursuant to U.S.S.G. § 1B1.4, that the Court may consider at the time of sentencing.

It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of Greenwood to the attention of other prosecuting offices, if requested by him.

It is understood that the sentence to be imposed upon Greenwood is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence Greenwood will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of Greenwood's activities with respect to this case and all other activities of Greenwood which this Office deems relevant to sentencing; and (c) the nature and extent of Greenwood's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by Greenwood both prior to and subsequent to the signing of this Agreement. In addition, if this Office determines that Greenwood has provided substantial assistance in an investigation or prosecution, and if he has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
July 15, 2010
Page 5

Sentencing Guidelines requesting the Court to sentence Greenwood in light of the factors set forth in Section 5K1.1(a)(1)-(5).  It is understood that, even if such a motion is filed, the sentence to be imposed on Greenwood remains within the sole discretion of the Court.  Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Office and the Court, or to take any position on post-sentencing motions. Greenwood hereby consents to such adjournments of his sentence as may be requested by this Office.

It is understood that, should this Office determine either that Greenwood has not provided substantial assistance in an investigation or prosecution, or that Greenwood has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, but will not entitle Greenwood to withdraw his guilty plea once it has been entered.

It is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. §3553(e), that Greenwood has violated any provision of this Agreement, this Office shall have the right to withdraw such motion.

It is understood that, should Greenwood commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, Greenwood shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Greenwood, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that in the event that it is determined that Greenwood has committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by Greenwood to this Office or other designated law enforcement agents, and any testimony given by Greenwood before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against Greenwood; and (b) Greenwood shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements

2010.05

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
July 15, 2010
Page 6

or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

It is further understood that this Office will not object to the Defendant's continued release on the bail conditions to be determined by the court. This Office reserves the right to move without notice to the Defendant for a revocation or modification of the bail conditions should it determine that the Defendant has violated any provision of this Agreement or condition of his release, or should it determine that such a revocation or modification is otherwise appropriate. The Defendant hereby consents to any such revocation or modification.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

By entering this plea of guilty, the defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. The defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

2010.05

Frederick P. Hafetz, Esq.
Susan Necheles, Esq.
Tracy Sivitz, Esq.
July 15, 2010
Page 7

     This Agreement supersedes any prior understandings, promises, or conditions between this Office and Greenwood. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

     Very truly yours,

     PREET BHARARA
     United States Attorney

By: _____
     JOHN J. O'DONNELL
     MARISSA B. MOLÉ
     Assistant United States Attorneys
     (212) 637-2490/2275

     APPROVED:

     _____
     BOYD M. JOHNSON III
     Deputy United States Attorney

AGREED AND CONSENTED TO:

_____     JULY 28, 2010
PAUL GREENWOOD            DATE

APPROVED:

_____     7-28-10
FREDERICK P. HAFETZ, ESQ.         DATE
SUSAN NECHELES, ESQ.
TRACY SIVITZ, ESQ.
Attorneys for Paul Greenwood

2010.05